UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| NETHERLANDS INSURANCE CO., | : |
|     Plaintiff, | : |
| v. | : |
| MD PLUMBING & HEATING, LLC, | : |
|     Defendant and Third-Party Plaintiff, | :   No. 3:09cv1881 (MRK) |
| v. | : |
| ALLIED SPRINKLER & MECHANICAL SYSTEMS, INC.[1]; CENTRAL CONNECTICUT FIRE PROTECTION, INC., | : |
|     Third-Party Defendants. | : |

## ORDER

Pending before the Court is Plaintiff Netherlands Insurance Co.'s ("Netherlands Insurance's") Motion for Leave to File Claims Against Third-Party Defendants [doc. # 56] pursuant to Rule 14(a)(3) of the *Federal Rules of Civil Procedure*. On November 19, 2009, Netherlands filed a Complaint [doc. # 1] as the subrogee of Oxford Greens Association, Inc. against Defendant – and now, Third-Party Plaintiff – MD Plumbing and Heating, LLC ("MD Plumbing"). On April 16, 2010, MD Plumbing in turn filed a Third-Party Complaint [doc. # 23] against Third-Party Defendants Allied Sprinkler & Mechanical Systems, Inc. ("Allied Sprinkler") and Central Connecticut Fire Protection, Inc. ("Central Connecticut Fire").

---

[1] The Court directs the Clerk to amend the caption in this case to reflect that the Third-Party Defendant's name is "Allied Sprinkler & Mechanical Systems, Inc.," and not simply "Sprinkler & Mechanical Systems, Inc."

Netherlands Insurance did not file the pending motion seeking permission to file its own direct claims against Allied Sprinkler and Central Connecticut Fire until February 14, 2011.

Allied Sprinkler, *see* Allied Sprinkler's Objection [doc. # 59], and Central Connecticut Fire, *see* Central Connecticut Fire's Objection [doc. # 61] oppose Netherlands Insurance's motion. They argue that under the Case Management Order [doc. # 29] currently in place – which set May 15, 2010 as the deadline for amended pleadings – Netherlands Insurance's motion is untimely, and further that Netherlands Insurance has not shown that there is good cause for amending the Case Management Order. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may by modified for good cause and with the judge's consent."). They also argue that even if Netherlands Insurance has demonstrated good cause to amend the Case Management Order, the Court should still deny the pending motion because the statute of limitations has run on the claims Netherlands Insurance seeks to assert against Allied Sprinkler and Central Connecticut Fire.

The Court agrees with Allied Sprinkler and Central Connecticut Fire that the pending motion is untimely and that Netherlands Insurance has failed to show good cause for amending the Case Management Order. As a preliminary matter, the Court is not at all persuaded by Netherlands Insurance's argument that the deadline the Court set for filing amended pleadings does not apply to the filing of direct claims against any third-party defendants pursuant to Rule 14(a)(3). The Case Management Order set May 15, 2010 as the deadline for "joining *any* additional parties" and for filing "*any and all* amendments of pleadings." The very broad language that the Court used plainly reached the filing of *any* new claims by Netherlands Insurance, including any new claims against a third-party defendant pursuant to Rule 14(a)(3).

"Where, as here, a scheduling order governs amendments to the complaint, the lenient standard under Rule 15(a), which provides leave to amend shall be feely given, must be balanced

2

against the requirement under Rule 16(b) that the Court's scheduling order shall not be modified except upon a showing of good cause." *Holmes v. Grubman*, 568 F.3d 329, 334-35 (2d Cir. 2009) (quotations marks and citations omitted). "Whether good cause exists turns on the diligence of the moving party." *Id.* at 335 (quotation marks and citation omitted). MD Plumbing filed its third-party claims against Allied Sprinkler and Central Connecticut Fire a month before the deadline for amended pleadings, yet Netherlands Insurance waited nearly nine months after those third-party claims were filed and nearly eight months after the deadline for amendments passed to seek the Court's permission to file direct claims against Allied Sprinkler and Central Connecticut Fire. Netherlands Insurance clearly did not exercise the requisite diligence.

Moreover, even if Netherlands Insurance could show good cause to amend the Case Management Order, the Court would still deny the pending motion. Netherlands Insurance seeks damages in this case arising from an allegedly faulty sprinkler repair that occurred at the Oxford Greens Association's Ridge Club in Oxford, Connecticut on December 6, 2007. The sprinkler system at issue failed the very next day, on December 7, 2007. Netherlands Insurance does not dispute Allied Sprinkler's and Central Connecticut Fire's assertion that the statute of limitations had already run before February 14, 2011 on all of the claims that Netherlands Insurance seeks to assert directly against the Third-Party Defendants. *See* Conn. Gen. Stat. § 52-102b(d). Instead, Netherlands Insurance argues that the filing of MD Plumbing's Third Party Complaint before the statute of limitations ran gave Allied Sprinkler and Central Connecticut Fire fair notice of the very claims that Netherlands Insurance now wishes to assert directly, and that in any case, its

direct claims are still timely because they "relate[] back" to the date on which the original Complaint was filed. Fed. R. Civ. P. 15(c)(1).[2]

Netherlands Insurance's fair notice argument misconstrues the applicable law. As this Court has previously had occasion to recognize, it is well established that under Rule 14(a)(3), "any claim existing between plaintiff and the third-party defendant is subject to the applicable statute of limitations; the statute is neither tolled nor waived upon the third-party defendant's entry into the action but continues to run until the plaintiff actually asserts the claim against the third-party defendant, or, if the time period runs before the action is commenced, serves as a bar to the claim at the outset." 6 Charles Alan Wright, Arthur R. Miller & Mary Kaye Kane, *Federal Practice and Procedure* § 1459, at 526 (3d ed. 2010); *see Gouveia v. Sig Simonazzi North America, Inc.*, No. 3:03cv597 (MRK), 2005 WL 293506, at *2 (D. Conn. Jan. 11, 2005) (denying leave to amend complaint to add direct claims against a third-party defendant where the statute of limitations on those claims had run). As one court observed years ago:

> [W]hen the plaintiff seeks to amend his complaint to charge the third-party defendant with liability after the period fixed by the statute of limitations has run, he is in effect seeking to state a new cause of action against such third-party defendant, which cause of action is barred by the statutes of limitations.

*Lommer v. Scranton-Spring Brook Water Service Co.*, 3 F.R.D. 27, 28 (E.D. Pa. 1943).

Thus, the answer to the question presented by the pending motion – whether the claims that Netherland Insurance Co. seeks to bring against Allied Sprinkler and Central Connecticut

---

[2] The Court notes that Netherlands Insurance's argument that it merely wishes to amend its original Complaint and that its amendments should relate back to the date of the original Complaint pursuant to Rule 15(c)(1) is in marked tension with its earlier argument that the deadline the Court established for filing amended pleadings does not apply to the filing of direct claims against a third-party defendant pursuant to Rule 14(a)(3).

Fire are time-barred – must be found in Rule 15(c), which sets forth the relation back doctrine. Under Rule 15(c)(1):

> An amendment to a pleading relates back to the date of the original pleading when: (A) the law that provides the applicable statute of limitations allows relation back; (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading; or (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

*Id*. Netherlands Insurance argues that the claims it wishes to add relate back under Rule 15(c)(1)(B) because "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out . . . in the original pleading." *Id.* But as this Court observed in *Gouveia*, when an amendment seeks to add claims against a new party – including claims against a third-party defendant – the fact that those newly added claims arose from the same conduct, transaction, or occurrence set out in the original pleading is not in itself enough. *See* 2005 WL 293506, at *3-*4. Instead, when a plaintiff seeks to add claims against a new party, Rule 15(c)(1)(C) explicitly requires the plaintiff to also show that the new party "(i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." *Id.*

While Netherlands Insurance is surely correct that Allied Sprinkler and Central Connecticut Fire both had notice such that they would not be prejudiced in defending claims brought directly by Netherlands Insurance, *see* Fed. R. Civ. P. 15(c)(1)(C)(i), the Court concludes that Netherlands Insurance has not – and indeed cannot – make the required showing

5

under Rule 15(c)(1)(C)(ii). Just like the plaintiff in *Gouveia*, Netherlands Insurance knew the identity of Allied Sprinkler and Central Connecticut Fire long before the statute of limitations ran on the claims it now seeks to bring against those third-party defendants. *See* 2005 WL 293506, at *4. Under that circumstance – that is, where a plaintiff knows the identity of the third-party defendant before the statute of limitations runs, but waits until after the statute of limitations has run to bring direct claims against the third-party defendant – the plaintiff's failure to name to proper defendant results from the plaintiff's own choice, and not from "a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(ii); *see Gouveia*, 2005 WL 293506, at *4 (citing, among others, *Rendell-Speranza v. Nassim*, 107 F.3d 913, 918-19 (D.C. Cir. 1997); *Lundy v. Adamar of New Jersey, Inc.*, 34 F.3d 1173, 1183 (3d Cir. 1994); *Cornwell v. Robinson*, 23 F.3d 694, 705 (2d Cir. 1994)). Netherlands Insurance had ample time to assert timely direct claims, but it chose not to do so. *See Gouveia*, 2005 WL 293506, at *4.

For those reasons, Netherlands Insurance Co.'s Motion for Leave to File Claims Against Third-Party Defendants [doc. # 56] is DENIED.

IT IS SO ORDERED.

/s/     Mark R. Kravitz
United States District Judge

**Dated at New Haven, Connecticut: March 3, 2011.**